■ Victor Castaner, Appellant, v. Vladimir Leventon et al., Respondents.— Judgment entered May 29, 1969, affirmed, with $50 costs and disbursements to the respondents. Plaintiff failed to show any negligence on the part of defendant. The construction complained of violated no statutory provision. There was no expert testimony that the resulting condition, which provided a two and a half inch clearance beyond the platform of the elevator, was dangerous. And the fact that the elevator had been used steadily over a period in excess of 30 years without accident indicates that a reasonably prudent person would not regard it as a source of danger. Concur — McGivern, Markewich and Steuer, JJ.; Capozzoli, J. P., and Nunez, J., dissent in the following memorandum

by Capozzoli, J. P.: It may well be that the protruding wall in the elevator shaft was a necessity when the building was constructed, but it must be remembered that, since this as the first time that plaintiff had used the elevator, he was entitled to notice of the danger posed by this protruding wall. The evidence discloses that, when the plaintiff and his companion went down to the basement, they used the interior freight elevator. When they were ready to leave they could not use the interior freight elevator and the defendants' elevator operator directed them to use the sidewalk freight elevator. There is sufficient in the record to create a question of fact for the jury to pass upon and we believe that it was error for the court to dismiss the complaint at the close of plaintiff's case. (*Suszczynski* v. *New York Cent. R. R. Co.,* 15 A D 2d 894.)